LOUISE BAILEY KRONHOLM *v.*
CONRAD JOHN KRONHOLM
(8270)
(8280)

SPALLONE, FOTI and LANDAU, Js.

Argued October 31—decision released November 21, 1990

*Richard P. Weinstein,* for the appellant-appellee (named defendant).

*Joseph G. Lynch,* with whom, on the brief, was *John B. Farley,* for the appellants-cross appellees (intervening defendants).

*Bruce Louden,* with whom was *Carol Widing,* for the appellee-appellant (plaintiff).

PER CURIAM. These appeals arise from our earlier decision in *Kronholm* v. *Kronholm,* 16 Conn. App. 124, 547 A.2d 61 (1988), involving a disputed alimony payment, in which we remanded to the trial court for an evidentiary hearing to determine whether the parties intended to establish a trust for the benefit of their children. On remand, the trial court determined that the parties intended the creation of the trust only in the event that the plaintiff died prior to receipt of the lump sum alimony payment. The court therefore ordered the defendant to pay the plaintiff the alimony payment that was in dispute. The defendant now appeals from the trial court's decision[1] and the plaintiff cross appeals from the denial of her claim for counsel fees.[2]

The defendant challenges the trial court's factual findings as they pertained to the intent of the parties. The standard of review in dissolution appeals is well settled. This court " 'will not reverse a trial court's rulings regarding financial orders unless the court incorrectly applied the law or *could not reasonably have concluded as it did.' "* (Emphasis in original.) *Febbroriello* v. *Febbroriello,* 21 Conn. App. 200, 202, 572 A.2d 1032 (1990). As we have often stated, we cannot retry the case. *Coles* v. *Coles,* 17 Conn. App. 831, 832, 553 A.2d 1169 (1989). Our review of the record fails to disclose that the factual findings of the court as to

---

[1] The parties' children intervened as defendants on the remand and filed a separate appeal (8280). They filed a joint brief with the defendant and make the same claim on appeal.

[2] The plaintiff claims for the first time in her cross appeal that the trial court should have conducted an evidentiary hearing before deciding whether to award counsel fees. She failed to assert such a claim in the trial court and did not therefore preserve her claim below. As a threshold matter, on two occasions the court did express its intention to consider whether to allow counsel fees. Only if these fees were allowed would a hearing have been necessary to determine the amount of the fees. On both occasions, the plaintiff affirmatively indicated her consent to that procedure and therefore failed to preserve her claim.

the financial orders were clearly erroneous in view of the evidence that was before it, or that the decision was otherwise erroneous in law.

On her cross appeal, the plaintiff claims that the trial court improperly declined to award her counsel fees incurred in a contempt proceeding. In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order. *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988). In determining whether the trial court's broad legal discretion is abused, " ' " 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' . . .'" ' " (Citations omitted.) *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d 191 (1985). The trial court concluded that an award of counsel fees was not appropriate in this case. Nothing in the record indicates that there was an abuse of the trial court's discretion.

The judgment is affirmed.