DENNIS J. CLEMENT, SR. *v.* CARLENE L. CLEMENT (12235)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued February 18—decision released June 14, 1994

*Gerald E. Farrell, Sr.,* for the appellant (plaintiff).
*Howard W. Shelnitz,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from a series of post-judgment orders of the trial court awarding the defendant attorney's fees of $2500 to defend a prior appeal,

ordering the plaintiff to pay $29,500 to the defendant, and awarding the defendant a second $2500 in attorney's fees to defend this appeal. On appeal, the plaintiff claims that the trial court improperly (1) modified the property order in the dissolution judgment, (2) awarded the defendant attorney's fees of $2500 to defend a prior appeal, (3) found the plaintiff in contempt, (4) awarded the defendant attorney's fees of $2500 to defend this appeal, and (5) ordered the second award of attorney's fees nondischargeable in bankruptcy. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. The parties married on November 2, 1968. On December 12, 1990, the marriage of the parties was dissolved. As part of the dissolution decree, the defendant was awarded the entire interest in the family residence. In addition, the trial court ordered the plaintiff (1) to pay $50 per week child support, (2) to pay the personal property taxes due to the town of Wolcott, (3) to hold the defendant harmless on two of three outstanding mortgages,[1] and (4) to pay $50 per week alimony to the defendant. We affirmed that judgment. See *Clement* v. *Clement*, 27 Conn. App. 364, 606 A.2d 36 (1992).

After the judgment was affirmed, the defendant filed motions in the trial court seeking (1) to hold the plaintiff in contempt, (2) to modify the alimony payments, and (3) to secure an allowance for attorney's fees for defending the first appeal. The trial court found that the plaintiff had failed to make the payments on the mortgage held by Fleet Finance, Inc. As a result of the plaintiff's failure to make payments, a judgment of strict foreclosure entered against the defendant and, upon the expiration of the law days, title to the family residence vested in Fleet Finance, Inc. The trial court

---

[1] The mortgages on which the trial court required the plaintiff to hold the defendant harmless were the Fleet Finance, Inc., mortgage and the Harbor Finance mortgage.

found the plaintiff in contempt and ordered him to pay the defendant $29,500 at a rate of $300 per month, increasing to $600 per month when the youngest child reaches age eighteen.[2] The trial court denied the request for modification of alimony. The trial court also awarded the defendant attorney's fees of $2500 to defend the first appeal. After the plaintiff requested an articulation from the trial court, the trial court vacated the contempt finding.

The plaintiff appealed to this court. The defendant requested that the trial court award her attorney's fees to defend this appeal. The trial court awarded her $2500 in attorney's fees stating that it was "in the nature of an alimony and support order" and ordered that the award be nondischargeable in bankruptcy.

I

The plaintiff first claims that the trial court improperly awarded the defendant $29,500. The plaintiff posits that (1) the order to pay the defendant $29,500 was the modification of an assignment of property and that the trial court thus lacked subject matter jurisdiction, (2) the trial court awarded the defendant $29,500 when she did not request that relief, and (3) the trial court improperly awarded the defendant $29,500 after finding that the plaintiff was not in contempt. We are unpersuaded.

A

We agree with the plaintiff's contention that the trial court has the power to assign property to either party upon the dissolution of a marriage; General Statutes § 46b-81;[3] and that the trial court has no jurisdiction

[2] The trial court calculated the sum by finding that the value of the residence was $89,000, the mortgage balance on which the plaintiff had been ordered to hold the defendant harmless was $59,500 and the defendant thus lost the equity in the residence of $29,500.

[3] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a

to open a judgment and affect the property assignment except within four months after the original judgment. General Statutes § 52-212a;[4] *Bunche* v. *Bunche,* 180 Conn. 285, 288, 429 A.2d 874 (1980); *Roberts* v. *Roberts,* 32 Conn. App. 465, 469, 629 A.2d 1160 (1993).

We must first decide "a question of subject matter jurisdiction, which is 'the power of the court to hear and determine cases of the general class to which the proceedings in question belong.' *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 424, 559 A.2d 1103 (1989). 'Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.' *Killingly* v. *Connecticut Siting Council,* 220 Conn. 516, 522, 600 A.2d 752 (1991), quoting *Demar* v. *Open Space & Conservation Commission,* supra, 425; see also *Cross* v. *Hudon,* 27 Conn. App. 729, 732, 609 A.2d 1021 (1992). Thus, if the . . . motion . . . can fairly be construed as seeking an effectuation of the judgment rather than a modification of the terms of the property settlement, this court must favor that interpretation." *Roberts* v. *Roberts,* supra, 32 Conn. App. 470.[5]

complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

[4] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

[5] "Once the question of lack of jurisdiction of a court is raised, '[it] must be disposed of no matter in what form it is presented.' *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966)." *Cross* v. *Hudon,* supra, 27 Conn. App. 732.

"[I]t is within the equitable powers of the trial court 'to fashion whatever orders [are] required to protect the integrity of [its original] judgment.' *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 670, 594 A.2d 958 (1991), quoting *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 563–64, 468 A.2d 1230 (1983) . . . ." *Roberts* v. *Roberts,* supra, 32 Conn. App. 471. The defendant claimed in her motion that the plaintiff failed to make payments on the Fleet Finance, Inc., mortgage and that this caused a judgment of foreclosure of the mortgage, resulting in the loss of the family residence. After the foreclosure, the plaintiff was no longer required to pay the mortgage because the mortgage was, in effect, extinguished. *Eichman* v. *J & J Building Co.,* 216 Conn. 443, 448, 582 A.2d 182 (1990); *First Bank* v. *Simpson,* 199 Conn. 368, 370–72, 507 A.2d 997 (1986); *Factor* v. *Fallbrook, Inc.,* 25 Conn. App. 159, 162, 593 A.2d 520, cert. denied, 220 Conn. 908, 597 A.2d 332 (1991). Thus, the plaintiff's noncompliance with a court order resulted in his obligation's being extinguished. This result undermines the integrity of the original court order. To prevent this and to preserve the original judgment's integrity, the trial court required the plaintiff to pay the defendant the value of the loss caused by the plaintiff's failure to comply with its judgment. We conclude that the plaintiff's claim of lack of subject matter jurisdiction is without merit because the trial court had the power to enforce its judgment.

B

The plaintiff also claims that the trial court improperly awarded the defendant $29,500 when the defendant did not request such relief in her motion to adjudge the plaintiff in contempt and improperly allowed the $29,500 award to stand after vacating the contempt finding. We do not look to the precise relief requested

in the motion to determine the propriety of the trial court's action. *Roberts* v. *Roberts,* supra, 32 Conn. App. 472. Instead, we must determine whether the relief requested was of the same general type as that awarded and whether the request "was sufficient to apprise the [plaintiff] of the purpose of the motion and of the kind of relief that might be ordered by the court." Id., 472–73. "In a contempt proceeding, *even in the absence of a finding of contempt,* a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order." (Emphasis added.) *Kronholm* v. *Kronholm,* 23 Conn. App. 577, 579, 582 A.2d 1178 (1990); *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988).[6] "Such court action, however, must be supported by competent evidence." *Nelson* v. *Nelson,* supra, 367. The defendant does not dispute the fact that he failed to make the mortgage payments as ordered by the trial court.[7] Since the court action was supported by

---

[6] The dissent argues that we should not rely on our decision in *Nelson* because that case relies on *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 737, 444 A.2d 196 (1982), which the dissent asserts does not stand for the proposition stated in *Nelson.* The dissent, however, fails to recognize the fact that we also rely on *Kronholm* for this proposition. While *Nelson* relied on *Papa, Kronholm* relied only on *Nelson,* not citing *Papa* as authority. Further, we are bound by our case law under stare decisis. "Stare decisis, although not an end in itself, serves the important function of preserving stability and certainty in the law. Accordingly, 'a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it. . . . This is not such a case." (Citations omitted; internal quotation marks omitted.) *Kluttz* v. *Howard,* 228 Conn. 401, 406, 636 A.2d 816 (1994).

[7] The following took place at the contempt hearing:

"[Defendant's Attorney]: Were you divorced on December 12, 1990?

"[Plaintiff]: Yes.

\* \* \*

"Q. And as part of the orders of that divorce decree, did [the trial court] order you to hold the defendant harmless on the Fleet Finance and Harbor Finance balances and to pay thereon the sum of $68.68 and $132.50 per week?

"A. I believe he did.

"Q. Have you paid any of those sums?

"A. No."

undisputed evidence of the plaintiff's failure to comply with a court order, the trial court did not abuse its discretion in ordering the relief.[8]

## II

The plaintiff next claims that the trial court improperly awarded the defendant attorney's fees of $2500 to defend the first appeal and improperly awarded the defendant attorney's fees of $2500 to defend this appeal. The plaintiff asserts that the trial court lacked sufficient evidence to find the amount of the award to be reasonable. We are unpersuaded.

Section 46b-62 provides in pertinent part that "the [trial] court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82." General Statutes § 46b-82 provides in pertinent part that "the [trial] court shall . . . consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age,

---

[8] The dissent asserts that due process requires that this case be reversed because the plaintiff did not have proper notification of the action and did not have an opportunity to present evidence at a hearing. Before addressing the merits of this argument, we note that the plaintiff did not raise, brief or argue a due process claim. In fact, the plaintiff did not use the words "due process" nor did he assert any other claim of constitutional violation either in his brief or at oral argument. Thus, the plaintiff has abandoned any due process claim that he might have intended to raise. See *State* v. *Zarick,* 227 Conn. 207, 221, 630 A.2d 565, cert. denied,    U.S.   , 114 S. Ct. 637, 126 L. Ed. 2d 595 (1993). The dissent, however, seeks to justify its review by citing cases in which our Supreme Court addressed a constitutional issue not raised by the parties. The dissent fails to acknowledge that those cases involve parties facing incarceration wherein the need to review unpreserved constitutional issues is greater than in this case. *State* v. *Smith,* 207 Conn. 152, 540 A.2d 679 (1988) (modification of conditions of probation); *State* v. *Gilnite,* 202 Conn. 369, 521 A.2d 547 (1987) (found guilty of being persistent larceny offender); *Greenwood* v. *Greenwood,* 191 Conn. 309, 464 A.2d 771 (1983) (trial court found plaintiff in contempt and issued capias mittimus). We address the notice argument in the opinion and also note that the plaintiff was afforded a full evidentiary hearing and called five witnesses to testify on his behalf at the contempt proceeding.

health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ." The plaintiff contends that, while the trial court did state in its articulation that it considered all of the statutory criteria, the trial court did not explicitly consider the factors enumerated in § 46b-82 and there was insufficient evidence available to the trial court for it to be able to consider all of the factors enumerated.

"Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion. . . . An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did." (Citations omitted.) *Cook* v. *Bieluch,* 32 Conn. App. 537, 544, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993). " 'In ordering either spouse to pay counsel fees, the court must consider the respective liabilities of each and the statutory criteria for awarding alimony.' *Weiman* v. *Weiman,* 188 Conn. 232, 236, 449 A.2d 151 (1982). The court is not obligated, however, to make express findings on each of these statutory criteria. Id., 234." *Szilagyi* v. *Szilagyi,* 3 Conn. App. 25, 28–29, 484 A.2d 469 (1984); *Rummel* v. *Rummel,* 33 Conn. App. 214, 222, 635 A.2d 295 (1993); *Puris* v. *Puris,* 30 Conn. App. 443, 450, 620 A.2d 829 (1993); *Mitchell* v. *Mitchell,* 24 Conn. App. 343, 346, 588 A.2d 242 (1991). The trial court, in its articulation, stated that it considered all of the factors in the determination of the award for the first appeal. The trial court also stated in its decision to award attorney's fees in the second appeal that it had considered the statutory criteria. The trial court is not obligated to mention specifically each statutory criterion and its failure to do so was not improper.

The plaintiff, however, contends that the trial court did not have sufficient evidence to consider the statu-

tory criteria. Although the trial court is not required to find expressly on each of the § 46b-82 factors, it must have sufficient evidence to support each factor. *Ashton* v. *Ashton,* 31 Conn. App. 736, 744, 627 A.2d 943 (1993), cert. denied, 228 Conn. 901, 634 A.2d 295 (1994); *Mathis* v. *Mathis,* 30 Conn. App. 292, 293, 620 A.2d 174 (1993). " 'A party has the same right to submit a weak case as he has to submit a strong one.' *Falker* v. *Samperi,* 190 Conn. 412, 419, 461 A.2d 681 (1983)." *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 36, 632 A.2d 1134 (1993). "Our role in reviewing an appeal based on the sufficiency of the evidence is well defined. 'Where the claim is that the evidence produced did not satisfy the burden of proof factually, the duty of an appellate court is well established. An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law. . . . It is, however, not our function to retry the case or to pass upon the credibility of witnesses.' (Citations omitted; internal quotation marks omitted.) *Kelman* v. *McDonald,* 24 Conn. App. 398, 400–401, 588 A.2d 667 (1991)." *Naughton* v. *Hager,* 29 Conn. App. 181, 184–85, 614 A.2d 852, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992). The trial court had before it the entire trial court file from the dissolution phase of the proceedings, the financial affidavits of the parties and the testimony at the hearings on the defendant's motions for attorney's fees to defend the appeal. After a careful review of the whole record, we are satisfied that the trial court had sufficient evidence to consider the statutory criteria.

## III

The plaintiff next claims that the trial court improperly found the plaintiff in contempt. The plaintiff concedes that this issue is moot because the trial court vacated the contempt finding in its articulation. Therefore, we will not discuss this issue further.

## IV

The plaintiff next claims that the trial court improperly found the award of attorney's fees for this appeal to be nondischargeable in bankruptcy. This claim is nonjusticiable because there is no practical relief available to the plaintiff. " 'Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant.' *State* v. *Nardini,* 187 Conn. 109, 111–12, 445 A.2d 304 (1982)." *Pellegrino* v. *O'Neill,* 193 Conn. 670, 674, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984); *Zarembski* v. *Warren,* 28 Conn. App. 1, 7, 609 A.2d 1039, cert. denied, 223 Conn. 918, 614 A.2d 831 (1992). The plaintiff fails to satisfy the fourth element. Even if we were to agree with the plaintiff that the fees are dischargeable in bankruptcy, he cannot obtain any practical relief because he has not filed for bankruptcy. See *Zarembski* v. *Warren,* supra, 7.

The judgment is affirmed.

In this opinion O'CONNELL, J., concurred.

SCHALLER, J., dissenting. I respectfully disagree with the result reached in part I of the majority opinion. There, the majority concludes that the trial court's

order that the plaintiff pay the defendant $29,500 was, in essence, the enforcement of the original judgment that the plaintiff had undermined by failing to make mortgage payments. The majority further concludes that the order is valid even though (1) the defendant requested only "that the plaintiff be adjudged in contempt . . . and be punished therefor," and (2) the finding of contempt was ultimately vacated.

I agree with the majority that the trial court has broad powers to protect the integrity of its judgments; *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 670, 594 A.2d 958 (1991); and broad discretion to make whole a party who has suffered by reason of the failure of another to comply with a court order. *Kronholm* v. *Kronholm,* 23 Conn. App. 577, 579, 582 A.2d 1178 (1990). I fully agree with the majority that "we must determine whether the relief requested was of the same general type as that awarded and whether the request 'was sufficient to apprise the [plaintiff] of the purpose of the motion and of the kind of relief that might be ordered by the court.' [*Roberts* v. *Roberts,* 32 Conn. App. 465, 472–73, 629 A.2d 1160 (1993)]."

I question, however, the authority for the sweeping statement in *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988), apparently relied on heavily by the majority, that "[i]n a contempt proceeding, *even in the absence of a finding of contempt,* a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." (Emphasis added.) The only authority offered in *Nelson* to support that proposition was *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 737, 444 A.2d 196 (1982). Because that case does not appear to support that proposition, I question the majority's reliance on the proposition to justify the action of the trial court in this instance.

There is an additional, even more compelling, reason for reversal. The fundamental due process guarantees of reasonable notice and reasonable opportunity to be heard, based on article first, § 8, of the constitution of Connecticut and § 1 of the fourteenth amendment to the United States constitution, underlie the test recited in *Roberts* v. *Roberts,* supra, 32 Conn. App. 472-73.[1] The procedure followed in this case fell far short of meeting those due process guarantees.

The contempt proceeding that resulted in the disputed order was initiated by the defendant's application to cite and adjudge in contempt, dated April 22, 1992. There, the defendant recited that the plaintiff had failed to comply with the judgment that required him to hold the defendant harmless on the Fleet Finance, Inc., and Harbor Finance balances and to make payments on two mortgages on the defendant's residence. The remedy sought was a finding of contempt and punishment. The trial court found the plaintiff in contempt and ordered him to pay the defendant $29,500, a sum that represented the defendant's lost equity in the residence resulting from the plaintiff's failure to make mortgage payments.

In response to the plaintiff's motion for articulation, the court determined that the automatic stay provision of Practice Book § 4046 was in effect at the time the plaintiff failed to make the payments. The court, accordingly, vacated the contempt finding and vacated an order of counsel fees *"since the plaintiff cannot be found in contempt for failure to make court ordered pay-*

---

[1] The issue was generally addressed in oral argument, although in the context of a jurisdictional issue. In any event, we may review this fundamental constitutional question even though it was not explicitly articulated in the trial court or in the briefs. See Practice Book § 4187; *State* v. *Smith,* 207 Conn. 152, 163, 540 A.2d 679 (1988); *State* v. *Gilnite,* 202 Conn. 369, 373, 521 A.2d 547 (1987); *Greenwood* v. *Greenwood,* 191 Conn. 309, 315, 464 A.2d 771 (1983).

*ments while the automatic stay was in effect."* (Emphasis added.) The order relating to the $29,500 payment, however, was allowed to remain in effect without explanation by the trial court. The trial court believed, therefore, that, while the mortgage payments ordered had not been made, the nonpayment *did not violate the court order.* The resulting scenario portrays, in my view, something less than "undisputed evidence of the plaintiff's failure to comply with a court order" as the majority has characterized it.

It is well settled that "[i]t is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved. . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) *Roberts* v. *Roberts,* supra, 32 Conn. App. 475; see U.S. Const., amend. XIV, § 1; Conn. Const., art. I, § 8.

In this case, the plaintiff was notified only that a contempt finding and punishment were sought. Following that contempt proceeding, the trial court, in an effort to make the defendant whole as a result of the plaintiff's "contemptuous" conduct, fashioned the unusual order disputed here. When the contempt finding was vacated, apparently because the plaintiff's conduct was not "contemptuous" at all but allowed by the automatic stay provision, the court declined to vacate the remedy even though the basis for the order had been rendered ineffective. Under those circumstances, I believe that the original contempt relief sought was neither relief of the same general type as awarded nor "suffi-

cient to apprise the [plaintiff] of the purpose of the motion and the kind of relief that might be ordered by the court." *Roberts* v. *Roberts,* supra, 32 Conn. App. 472–73.

I conclude that the plaintiff was entitled to notice of the specific remedy sought as well as a fair opportunity to contest the matter in a full evidentiary hearing as outlined in *Nelson* v. *Nelson,* supra, 13 Conn. App. 367, and *Roberts* v. *Roberts,* supra, 32 Conn. App. 475. I would reverse the judgment of the trial court.

Accordingly, I respectfully dissent.