[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1812
This is the plaintiff's motion to adjudge the defendant in contempt for an alleged failure to comply with the court's order arising from a judgment dissolving the parties' marriage.
On March 18, 1992, the court, Scheinblum, J., after a trial, entered a dissolution judgment which, in part, required the plaintiff to convey her interest in real estate known as 19 Jackman Road, Hebron, to the defendant. The judgment required the defendant, in turn, to pay $6000 to the plaintiff by April 17, 1992, and $25,000 by April 17, 2002 plus monthly interest payments at the rate of eight per cent per year until the lump sum of $25,000 was paid. The judgment also contains an acceleration clause which provides in pertinent part that "in the event . . . the [defendant] . . . remarries and cohabits with his new spouse in the residence" the $25,000 would be due at that time.
The defendant paid the $6000 initial payment and has paid all monthly interest payments. The defendant recently remarried and lives with his new wife at 19 Jackman Road. The defendant has failed to pay the $25,000 sum to the plaintiff.
The plaintiff contends that the defendant's remarriage and cohabitation and failure to pay the $25,000 constitutes contempt. The defendant acknowledged that his remarriage and residence at 19 Jackman Road obligates him to pay the plaintiff $25,000, but he contends he is not in contempt of the court's orders despite of his failure to pay the $25,000 because he lacks the assets with which to pay the plaintiff.
Thus, this is a case where the parties agree that the judgment obligates the defendant to pay the plaintiff $25,000 and that that obligation remains unsatisfied. The court has considered the evidence adduced at the evidentiary hearing and the financial affidavits submitted and finds that the defendant presently lacks the resources to pay the $25,000 to the plaintiff in a lump sum.
The inability of a party to obey a court order, without fault of that party, is a good defense to the charge of contempt, Malloryv. Mallory, 207 Conn. 48, 57 (1988). In the present case the court finds that the defendant has not dissipated assets or refused to earn income up to his capacity. It is true that the defendant's actions in remarrying and residing with his new wife at 19 Jackman CT Page 1813 Road triggered the obligation to pay $25,000 to the plaintiff immediately, but neither remarriage nor residing at 19 Jackman Road were forbidden by the judgment or were otherwise unlawful. The court declines to regard the defendant's remarriage and residence decisions as constituting "fault" sufficient to undermine his defense to the contempt charge. The violation of the court order is not the defendant's remarriage or choice of residence but his failure to pay the $25,000. For this violation, the defendant has made out the good defense of inability to comply. Consequently, the court finds that the defendant is not in contempt.
This finding of noncontempt does not end the matter, however. In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole a party injured by a violation of a court order, Clement v. Clement,34 Conn. App. 641, 647 (1994). In the present case, the court's judgment requires the defendant to pay $25,000 to the plaintiff because he remarried and lives with his new spouse at 19 Jackman Road. It is undisputed that the defendant has failed to pay the plaintiff this sum, and the plaintiff is harmed by this delinquency. The court, therefore, after review the defendant's financial circumstances, orders the defendant to pay the plaintiff the $25,000 plus $500 in attorney's fees over a five year period with interest of eight per cent per year. These payments of principal and interest shall be made in monthly installments of $517.65 per month for sixty months commencing March 15, 1995.
Sferrazza, J.