[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves the court to find the defendant in contempt for his failure to maintain car insurance coverage for a vehicle driven by the plaintiff. The defendant moves the court to find the plaintiff in contempt for her refusal to comply with a visitation order. On March 25, 1996, the court held an evidentiary hearing on these motions, which motions have arisen in the midst of a pending dissolution action. Plaintiffs Motion CT Page 1702-A
Plaintiff's Motion
The court finds that on September 5, 1995, the court, Bishop, J., ordered the defendant to provide insurance coverage for a 1989 Toyota Camry driven by the plaintiff. The defendant has failed to pay the insurance premiums, and coverage has been cancelled. The court further finds that the defendant has been unemployed for the past eighteen months through no fault of his own. His unemployment compensation benefits ran out in March 1995. He has cashed in assets from a 401K pension plan, prematurely, and used these funds to pay back child support and alimony and to pay future expenses arising out of court-ordered psychiatric examinations for the parties' three children. The court finds that the defendant has met his burden of proving that because of a lack of income and assets, he is presently financially unable to comply with the order to provide car insurance coverage for the plaintiffs vehicle. The inability to obey an order of the court, without fault, is a good defense to a contempt charge, Mallory v. Mallory, 207 Conn. 48, 57 (1988). Consequently, the plaintiffs motion for contempt is denied. CT Page 1702-B
The finding of noncontempt does not end the matter, however. In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole a party injured by a violation of a court order, Clement v.Clement, 34 Conn. App. 641, 647 (1994). The defendant has violated the order obligating him to provide insurance for the plaintiff's car, albeit because of financial difficulties. The order remains in effect. As soon as his fiscal circumstances improve, the defendant must arrange for such coverage and, in addition, is ordered to reimburse the plaintiff for any sums she expends to insure the car in the interim.
Defendant's Motion
The court finds that the defendant has proven, by clear and convincing evidence, that on February 5, 1996, the court, Levine, J., ordered supervised visitation on behalf of the defendant with his children to take place on February 16 and 23, 1996, from 3:30 p.m. to 5 p.m., weather permitting, at the office of the attorney appointed to represent the children. The plaintiff was informed CT Page 1702-C of and aware of her obligation to transport the children to that office for the purpose of visitation with the defendant on those dates. On February 16, 1996, a snowstorm prevented compliance. On February 23, 1996, however, the plaintiff simply refused to make the children available for visitation because it was inconvenient, and she opposes the defendant's seeing the children. The defendant has had no visitation with the children for several months.
The court finds the plaintiff in contempt for violating Judge Levine's order as to the February 23, 1996, visitation. The court orders the plaintiff to pay $250 to the defendant by April 15, 1996, as reasonable attorney's fees to compensate the defendant for legal services necessitated by her contempt, Friedlander v.Friedlander, 191 Conn. 81, 87 (1983). Because the defendant is currently exploring employment opportunities outside of Connecticut and his continued residence in this state is tenuous, the court issues no further specific orders regarding visitation at this time.
Sferrazza J. CT Page 1702-D