[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this postjudgment contempt motion the plaintiff wife seeks the recovery of an arrearage, child support payments and other payments required by the dissolution decree. The defendant husband was obliged by the decree, dated May 1, 1989, to make weekly support payments of $135 for the benefit of his son until June 8, 1994, at which time the son would attain the age of eighteen years. The decree also required the defendant husband to make monthly payments of $200 until June 8, 1994, on an equity loan encumbering the family dwelling. On or after that date, the plaintiff wife was obliged by the decree to pay over 25 percent of the equity in this dwelling (which had been quitclaimed to her by the decree) to defendant. A further provision of the decree required the plaintiff to make payments on the first mortgage encumbering the property until June 8, 1994.
On June 8, 1994, the defendant was in arrears on his child support obligation in the amount of $9,045.00, and $4,184.45 on his equity loan obligation.
On that date or shortly thereafter, the defendant demanded his share in the equity of the dwelling, and the plaintiff requested payment of the support and equity loan arrearages. The CT Page 1603 plaintiff made a good faith effort to sell the property to obtain the funds she needed, but the real estate market was depressed and produced no buyers so sometime later the plaintiff obtained refinancing and paid off the equity loan. To date defendant has not satisfied his obligations, nor has he received his equity division.
Defendant married in 1989 and purchased a new home. To finance the house he borrowed $38,000 from a relative by marriage. Initially the loan was secured by an oral promise on his part. In February of 1990, the loan was memorialized by a document (Def. Exh. 1). On June 13, 1996, the defendant assigned all right, title and interest in the note and mortgage securing his 25 percent equity in his former marital dwelling to the relative who had loaned him the $38,000 for the consideration of a $20,000 reduction in his loan obligation. This creditor is now seeking to foreclose the mortgage against plaintiff's dwelling house. The reciprocal obligations between the parties which matured on June 8, 1994 now involve this foreclosing creditor.
The parties have stipulated and agreed on the arrearages due on these dissolution obligations: child support, $9,045; home equity loan, $4,184.45. Plaintiff seeks interest and attorney's fees on both items. The parties also agree that the defendant is responsible for some equity loan late charges, $163.39; and some medical and orthodontic bills, $600, which the decree required defendant to pay but remain unpaid.
By way of a defense to the claim for interest, the defendant claims he was excused from child support obligations by the plaintiff's boyfriend, now husband, who telephoned defendant's wife in March of 1993 admonishing her from further contact, in person, by telephone, or in writing with plaintiff. The court gives little credit to this evidence. The defendant was without legal justification in withholding child support. The court further finds that defendant has failed to prove that his economic situation prevented him from making these payments. Defendant is a skilled toolmaker and architectural model maker. He has always been gainfully employed since 1989, and his earnings between 1993 and 1994 increased from $54,059 to $56,611 annually.
The defendant stopped paying $200 monthly on the home equity loan on June 29, 1990. Thereafter, he paid interest only commencing July 16, 1990. (Plaintiff's Exh. A). The plaintiff ultimately paid off the portion of principal which was CT Page 1604 defendant's obligation. The court finds that the dissolution judgment contemplated giving some leeway to both plaintiff and defendant on mortgage and equity payments providing for offsets against the equity distribution scheduled for June 8, 1994. Although defendant offered some evidence of financial distress during this period, the court is not satisfied that defendant should be excused from paying interest on this obligation.
Defendant's most significant objection to interest and attorney's fees is that these arrearages constitute family support judgments under General Statutes § 52-350a(7) and are therefore not subject to interest as in the case of money judgments authorized by General Statutes § 52-350a(13). The court thinks otherwise. The money withheld from plaintiff for family support and for payments on the equity loan as required by the dissolution judgment was withheld unjustifiedly giving the court discretion to award both interest and attorney's fees on the total amount due. Cecio Bros., Inc. v. Feldmann,161 Conn. 265, 275 (1971); DeMatteo v. DeMatteo, 21 Conn. App. 582; LaBowv. LaBow, 13 Conn. App. 330, 340; Fowler v. Fowler,1994 Ct. Sup. 150.
In a contempt proceeding, even in the absence of a finding of contempt, as in the subject case, a trial court has broad discretion to make whole a party injured by a court order,Clement v. Clement, 34 Conn. App. 641, 647 (1994). Graham v.Koelich, 1995 Ct. Sup. 1811, March 1, 1995.
Judgment may enter for the plaintiff in the amount of $9,045.00 for the arrearage in child support; $4,184.45 in equity loan arrearage; $600 in medical and orthodontic expense; $163 in late charges on the home equity, for a total of $13,992.45, plus interest at the statutory fee and reasonable attorney's fee.
Because there is a written objection to plaintiff's proposed interest calculation, the court will conduct a further hearing to establish the appropriate interest total and an attorney's fee.
Dorsey, J. Judge Trial Referee CT Page 1605