[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiff's Motion to Transfer by Statute, Post Judgment. The plaintiff is requesting the court to transfer by decree real property owned by the defendant and assigned to him under the CT Page 13681 terms of the dissolution of marriage in order to satisfy other obligations under the judgment.
The marriage of the parties was dissolved by decree on May 1, 2001, and pursuant to the Separation Agreement incorporated into the judgment the defendant was to retain sole ownership of property located at 80 Wellswood Lane, Unit 25, Amston, Connecticut, (the condominium) and be solely responsible for all costs associated with that residence, including the mortgage, taxes, insurance and condominium fees. The agreement further provided that the defendant would transfer to the plaintiff the sum of $18,000.00 from his Fidelity IRA by Qualified Domestic Relations Order, and, in consideration of a release from a debt, the defendant would pay to the plaintiff the sum of $5,000.00 cash within 30 days from the date of the dissolution.[1]
On June 4, 2001, the plaintiff filed a motion for contempt due to the defendant's failure to transfer the money from the IRA and to pay the sum of $5,000.00 to the plaintiff. A motion for contempt was also filed due to the defendant's failure to keep the mortgage current on the condominium. On June 18, 2001, he was found in wilful contempt, the plaintiff was awarded counsel fees, and the matter was continued to July 16, 2001. (McLachlan, J.) Then on July 30, 2001, a stipulation was entered into by the parties wherein the plaintiff would be appointed as receiver of rents for the condominium and pay all rents received toward the outstanding mortgage. The stipulation also ordered the defendant to fulfill the terms of the separation agreement and he was again ordered to pay the $5,000.00 to the plaintiff by August 16, 2001. If he failed to comply with that order, the plaintiff would be entitled to a transfer of an additional $6,000.00 from the Fidelity account.
On August 30, 2001, the plaintiff filed the motion to transfer by statute citing the defendant's failure to (1) pay the $5,000.00 in cash to the plaintiff; (2) transfer $18,000.00 from the Fidelity account; and (3) pay the mortgage and related expenses on the condominium and hold the plaintiff harmless thereon. The relief requested is for the court to decree that title to the condominium pass to the plaintiff in order to secure the sums owed to her under the judgment.
The plaintiff argues that as a result of the defendant's disregard for any agreements and stipulations, the settlement originally agreed upon has been unable to materialize and in fact the defendant has already been found in wilful contempt. Part of the original settlement required the defendant to transfer the sum of $18,000.00 from his Fidelity IRA account. At the time of the hearing on the present motion he had not perfected the transfer.[2] The court ordered the defendant to sign the authorizations immediately after the court hearing concluded and allowed CT Page 13682 as further evidence on this matter a letter to be filed by the plaintiff informing the court whether in fact the authorizations were executed and the transfers completed. The court was informed by letter, which was agreed would be sent to the court, that there were no longer sufficient funds in the defendant's account to comply with either order. This is an unfortunate outcome, however, steps should have been undertaken before this to prevent this situation.[3]
In her motion, the plaintiff cites as the authority allowing the court to transfer the property General Statutes § 46b-66a. Subsection (a) of that statute allows the court "at the time of entering a decree . . .dissolving a marriage . . . to order the husband or wife to convey title to real property to the other party." Subsection (b) of that statute goes on to add that "when any party is found to have violated an order of the court entered under subsection (a) of this section, the court may, by decree, pass title to the real property to either party, without any act by either party, when in the judgment of the court it is in the proper action to take."
At the hearing on the motion, each party testified but offered no other witnesses. Counsel for the plaintiff at hearing on the motion cited General Statutes § 52-22 as further authority for the court to grant the relief requested.[4] Although the court agrees that this statute would grant the power to the court to pass title to real property by decree, the court is constricted by General Statutes §§ 46b-66a and46b-81 which by their terms allows this court to make any assignments or transfers of property only at the time of entering a decree dissolving a marriage. "Under General Statutes § 46b-81 (a), the statute that enables the trial court to transfer property in a marital dissolution action, the court does not retain continuing jurisdiction over any portion of the judgment that constitutes an assignment of property. Bunchev. Bunche, 180 Conn. 285, 289, 429 A.2d 874 (1980); Roberts v. Roberts,52 Conn. App. 465, 629 A.2d 1160 (1993). Therefore, a property division order generally cannot be modified by the trial court after the dissolution decree is entered, subject only to being opened within four months from the date the judgement is rendered. Passamano v. Passamano,228 Conn. 85, 88 n. 4, 634 A.2d 891 (1993). The plaintiff cited two cases as authority for the court's power in transferring property by decree. Both of these cases, however, involved the court transferring properties which had been awarded to one party at the time of the decrees of judgments dissolving the marriages. See, Hodge v. Hodge, 178 Conn. 308,422 A.2d 280 (1979); Osborn v. Osborn, 2 Conn. App. 635, 482 A.2d 77
(1984).
The question then is whether the court by transferring the condominium by decree to the plaintiff would be effectuating the efficacy of the CT Page 13683 original order or whether it would be modifying the original order. InRoberts v. Roberts, supra, 32 Conn. App. 465, the sale of the marital home was ordered at the time of the dissolution and one of the parties was refusing to lower the price which resulted in the property's being unsold. The trial court ordered the sale of the home at auction, and the Appellate Court upheld the order as it "sought only an effectuation of the judgment rather than a modification of it. Id., 472. The proceeds would still be split equally after paying off certain debts, thus the order for the sale of the home at auction sought only an effectuation of the judgment rather than a modification of it. Id., 472.
Also distinguishable from the present case is Clement v. Clement,34 Conn. App. 641, 643 A.2d 874 (1994). In Clement the wife was awarded the marital home and the husband was ordered to pay two of the three mortgages and hold her harmless thereon. He failed to pay the mortgages and as a result the property was foreclosed. His debt he was obligated to pay the mortgages was thus extinguished. The trial court awarded the wife a sum of money to compensate her for the loss of the marital home which she had been awarded in the dissolution, which was a proper remedy for the court in order to preserve the integrity of the original judgment. Id., 646.
The court does not view the relief requested by the plaintiff as an order to effectuate a term in the judgment of dissolution. The court agrees that if this request was in fact made in order to effectuate the judgment entered at the time of the dissolution, this court would have the authority to make such a transfer by decree under either General Statutes § 46b-66b or General Statutes § 52-22. The remedy sought is a modification of the terms of the property settlement, in that the property would then be owned by the plaintiff who could retain the property or sell the property. If the plaintiff was granted this remedy, she could sell the property or even retain the property, although she states she would place the proceeds in escrow and then disburse the funds according to the judgment.[5]
The court is without authority to grant the relief requested although the plaintiff is not without remedy. The motion to transfer by statute is denied.
SWIENTON, J.