[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS (DATED FEBRUARY 15, 2002)
On May 23, 1997, the trial court, Copetto, J., entered an order dissolving the parties' marriage. That judgment did little to terminate the acrimony between these litigants. The current series of motions are the latest in a series of post judgment actions that have flooded both this and the state appellate courts.
On January 17, 2002, the defendant filed a Post Judgment Motion toReopen Judgment of Dissolution. Therein he argued that he recently became aware that the financial affidavits supplied by the plaintiff at the time of the dissolution contained significantly false information. The defendant further alleged that the plaintiff willfully concealed assets at the time of the dissolution.[1]
In response, the plaintiff has filed the instant Motion to Dismiss.[2]
Her primary argument was that the defendant, adjudged in contempt by an earlier court ruling, should not be allowed to pursue any equitable remedies until he had purged the contempt.
"Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented." Clemente v.Clemente, 34 Conn. App. 641, 644 n. 5, 643 A.2d 874 (1994) (citations and internal quotations omitted). Every presumption is given in favor of jurisdiction. Laurer v. Zoning commission, 220 Conn. 455, 460, 600 A.2d 310
CT Page 6831 (1991).
The basis for the plaintiff's Motion to Dismiss was her allegation that the defendant had failed to purge himself of a prior contempt adjudication. That action has been completed. As a result, the underlying rationale for the motion to dismiss no longer exists.
The Motion to Dismiss is denied.
 ___________________ DEWEY, J.