ROBERT J. PARISI *v.* KATHLEEN M. PARISI
(AC 33139)

Beach, Robinson and Peters, Js.

Argued October 25, 2012—officially released January 1, 2013

*M. Caitlin S. Anderson*, with whom was *Steven D. Ecker*, for the appellant (defendant).

*H. Daniel Murphy*, with whom, on the brief, was *Michael D. DeMeola*, for the appellee (plaintiff).

*Opinion*

PETERS, J. "To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Internal quotation

marks omitted.) *Gil* v. *Gil*, 94 Conn. App. 306, 311, 892 A.2d 318 (2006). The principal issue in this appeal is whether the plaintiff wilfully failed to comply with a separation agreement incorporated into a dissolution judgment that provided for an alimony buyout in place of periodic alimony. The defendant wife appeals from the court's denial of her motion for contempt, in which she claimed that the plaintiff deliberately had failed to satisfy the terms of the separation agreement by attempting to pay his obligations with assets worth significantly less than the agreed upon amount. We affirm the judgment of the court.

On November 19, 2010, in a judgment incorporating the parties' separation agreement,[1] the court dissolved the marriage between the plaintiff, Robert J. Parisi, and the defendant, Kathleen M. Parisi. On December 14, 2010, the defendant filed a postjudgment motion for contempt, order and clarification, in which she claimed in relevant part that the plaintiff wilfully and deliberately had failed to comply with the dissolution judgment in a number of respects, including an attempt to pay his alimony obligation with an individual retirement account (IRA) rollover.[2] After a court hearing, the court

---

[1] The separation agreement obligated the plaintiff (1) to pay the defendant $300,000, "non-taxable and non-deductible" (alimony buyout) from his share of the marital estate prior to the judgment of dissolution, (2) to pay off the balance of the parties' student loans and their children's student loans using specified funds and bonds, (3) to allocate equally specified bank accounts and other assets, and (4) to vacate the marital residence so that it could be sold, but to receive $1500 per month in rent from the defendant from the date the plaintiff vacated the residence to the date of its sale. The parties also agreed that they would waive the right to conduct further discovery, appraisal or inspection of the "person and/or property, income, and assets of the other" party, and that modification of the agreement would require a formal, written agreement by both parties.

[2] The defendant also claimed that the plaintiff had neglected to pay his student loan obligations, to transfer specified marital assets to her and that he was not entitled to receive rental payments for the marital home because he had not vacated the property.

denied the defendant's motion for contempt and her request that the court order the plaintiff to comply with the provisions of the dissolution judgment. The defendant has appealed.

At a hearing on the motion for contempt held by the court on January 13, 2011, the defendant testified about her understanding of the terms of the agreement and the parties' actions to date toward performing their obligations under the agreement. Specifically, she testified about her dissatisfaction with the plaintiff's proposal to satisfy his alimony obligation by transferring an IRA rollover to her. In her view, the tax consequences attendant to the IRA rollover would result in an alimony payment of an amount less than the $300,000 stipulated in the separation agreement that had been incorporated into the dissolution judgment.

The court summarily denied the defendant's motion for contempt. Thereafter, on August 8, 2011, in response to the defendant's request for a memorandum of decision pursuant to Practice Book § 64-1 (b),[3] the court issued a brief decision stating its finding that the plaintiff did not have access to $300,000 in cash and that the defendant had been aware of this fact at the time that the terms of the separation agreement were negotiated. The court further found that the defendant had presented no evidence of wilful misconduct that would warrant a finding of contempt and that "the agreement is clear and concise and needs no clarification." The

---

[3] Practice Book § 64-1 (b) provides: "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk an original and three copies of a notice that the decision has not been filed in compliance with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with subsection (a)."

court denied the defendant's subsequent motion for articulation.

On appeal, the defendant claims that the court misconstrued the parties' separation agreement, which, in her view, did not permit the defendant to satisfy the agreement's alimony buyout provision with funds that would be taxed either upon or after being transferred to her. She maintains that the terms of the agreement expressly require a cash payment or a liquidation of assets that would result in a buyout equaling $300,000, posttransfer, and that the plaintiff deliberately has avoided complying with these terms. The defendant also contends that the court improperly declined to order the plaintiff to comply with the terms of the dissolution judgment regarding the transfer of marital assets. Finally, the defendant claims that, because the plaintiff left various items, such as large furniture, in the marital home, the dissolution judgment should be modified to penalize him by instituting a forfeiture of the rent he is entitled to receive until he removes the disputed items. We are not persuaded.

I

The defendant's principal claim in this appeal is that the court improperly denied her motion for contempt. "A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in failing to find that the actions or inactions of the [plaintiff] were in contempt of a court order. . . . [A] court may not find a person in contempt without considering the circumstances surrounding the violation to determine whether such violation was wilful. . . . [A] contempt finding is not automatic and depends on the facts and circumstances underlying it. . . . It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor

the court's order." (Citations omitted; internal quotation marks omitted.) *Hibbard* v. *Hibbard*, 139 Conn. App. 10, 16–17, 55 A.3d 301 (2012). "A good faith dispute or legitimate misunderstanding of the terms of an . . . obligation may prevent a finding that the payor's nonpayment was wilful. This does not mean, however, that such a dispute or misunderstanding will preclude a finding of wilfulness as a predicate to a judgment of contempt. Whether it will preclude such a finding is ultimately within the trial court's discretion." (Internal quotation marks omitted.) *Sablosky* v. *Sablosky*, 258 Conn. 713, 718, 784 A.2d 890 (2001).

After the hearing on the motion for contempt, the court denied the defendant's motion for lack of evidence that the plaintiff *wilfully* had failed to comply with the terms of the dissolution judgment. "In a civil contempt proceeding, the movant has the burden of establishing, by a preponderance of the evidence, the existence of a court order and noncompliance with that order." *Statewide Grievance Committee* v. *Zadora*, 62 Conn. App. 828, 832, 772 A.2d 681 (2001).

To prevail in her appeal from the court's judgment, the defendant must establish that the court abused its discretion in finding that she had failed to prove that the plaintiff wilfully had violated the parties' dissolution judgment. The defendant's evidence of wilfulness consists entirely of her own testimony that she refused the proposed IRA transfer in payment of the plaintiff's alimony obligation because, in her view, the transfer was economically less advantageous than the outright alimony payment of $300,000 specified in the dissolution judgment. In light of evidence that the plaintiff offered to pay the alimony buyout provision, and a lack of evidence that his motive in doing so was to avoid satisfying the full terms of the agreement, the court was not required to make a finding of wilfulness.

Alternatively, the defendant challenges the propriety of the court's characterization of the separation agreement that was incorporated into the dissolution judgment as "clear and concise" and its construction of the agreement's terms as authority for the plaintiff's satisfaction of his buyout obligation through the tender of any assets available to him. Without a reasoned analysis by the defendant of the wording of the separation agreement, her dissatisfaction with the court's interpretation does not establish that the court's ruling was improper. See *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 670, 791 A.2d 546 (2002) ("the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous" [internal quotation marks omitted]). We note, moreover, that if the court had found the separation agreement to be ambiguous, such a finding by the court would have provided even more support for its ultimate conclusion that the plaintiff's conduct was not wilful and, therefore, could not have constituted a contempt of court.

As an additional basis for a finding of contempt, the defendant also accused the plaintiff of wilfully having failed to comply with other provisions of the parties' separation agreement. She complained of his failure to provide requested financial documents, to complete payment of his student loan obligations and to transfer other marital assets to her. In her own testimony, however, the defendant acknowledged that there were unresolved issues about the manner in which these obligations were to be performed. In the absence of unequivocal evidence of the plaintiff's wilful noncompliance with the terms of the dissolution judgment, the court did not abuse its discretion in denying the defendant's motion to find the plaintiff in contempt of court.

## II

In the alternative, the defendant claims that, even absent a finding of wilfulness, the court abused its discretion by failing to issue an order of compliance to compel the plaintiff to fulfill his obligations under the dissolution judgment. Specifically, she claims that she was entitled to an order of compliance from the court requiring the plaintiff to (1) pay the alimony buyout provision with assets equal to $300,000 after any taxes have been deducted, (2) equally allocate the marital assets listed in the agreement, and (3) provide the defendant with documentation detailing money transfers and deposits related to the agreement. We disagree.

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Von Kohorn* v. *Von Kohorn*, 132 Conn. App. 709, 713, 33 A.3d 809 (2011).

Although trial courts have the authority to order compliance with the terms of a court judgment without a finding of contempt; *Kronholm* v. *Kronholm*, 23 Conn. App. 577, 579, 582 A.2d 1178 (1990); the defendant has not provided compelling evidence that such an order was required under the circumstances of this case. In light of the testimony at the hearing, the court reasonably could have determined that the plaintiff had satisfied or had adequately attempted to satisfy his

obligations under the dissolution judgment, and that such an order was, therefore, unnecessary. Moreover, in its memorandum of decision, the court made no findings related to the motion for an order of compliance and did not expressly deny the order, but addressed only the defendant's motion for contempt. The defendant had sought articulation of the court's factual findings, but she did not move the court for a decision in respect to the order of compliance, nor did she move the court for reargument on this issue. As the court summarily denied the defendant's motion, and the record before us does not provide a record adequate for review on the defendant's motion for compliance, we decline to review the merits of her claim.

The defendant argues alternatively that, on the record before us, this court has the authority to issue an order of compliance. We are not persuaded. The cases cited by the defendant, *Sosin* v. *Sosin*, 109 Conn. App. 691, 706, 952 A.2d 1258 (2008), rev'd in part, 300 Conn. 205, 14 A.3d 307 (2011), and *Clement* v. *Clement*, 34 Conn. App. 641, 647, 643 A.2d 874 (1994), are distinguishable because they depend upon a predicate finding by this court that the trial court abused its discretion in denying the request for such an order. Under the circumstances of this case, because the court did not issue *any* decision with regard to the defendant's motion for compliance, there can be no such finding. We are, therefore, precluded from issuing the order that the defendant requests.

### III

Finally, the defendant maintains that the court improperly declined to grant her motion for clarification of the provision in the separation agreement dividing the parties' real property. The defendant contends that, because the plaintiff left furniture and other personal items in the marital home owned by both parties, she

was entitled to a ruling from the court that he is not entitled to receive the monthly rent stated in the agreement.

"[M]otions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper. . . . Motions for clarification may not, however, be used to modify or to alter the substantive terms of a prior judgment . . . and we look to the substance of the relief sought by the motion rather than the form to determine whether a motion is properly characterized as one seeking a clarification or a modification." (Citations omitted; internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 604–605, 974 A.2d 641 (2009).

"The court's judgment in an action for dissolution of a marriage is final and binding upon the parties, where no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of court permit the setting aside or modification of that judgment. . . . General Statutes § 46b-86 (a) provides in relevant part: Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court . . . . This section shall not apply to [property] assignments under [General Statutes §] 46b-81 . . . . *The statute, therefore, deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under . . . § 46b-81. . . .* Although the court has jurisdiction to assign property in connection with § 46b-81, that assignment is not modifiable." (Emphasis in original; internal quotation marks omitted.) *Buehler* v. *Buehler*, 138 Conn. App. 63, 70, 50 A.3d 372 (2012).

The defendant's motion, though titled a motion for clarification, in effect sought a modification of the original separation agreement. In her prayer for relief, the defendant specifically requested that the agreement "be modified/clarified . . . ." The motion asked the court to alter the terms of the agreement between the defendant and the plaintiff by adding language into the rental provision that would condition the plaintiff's right to receive the monthly rent on his removal of his belongings from the property.[4]

Although the court had the authority to modify the dissolution judgment with respect to alimony payments, it had no such jurisdiction over the judgment's property distribution orders. See *Stechel* v. *Foster*, 125 Conn. App. 441, 446–47, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011). It seems to us that the relief sought by the defendant, although monetary in nature, does not qualify as a request for modification of alimony. At the very least, the defendant has not provided any persuasive argument that the court abused its authority in its refusal to grant the defendant's motion.

In sum, we conclude that the court properly declined to find that the plaintiff wilfully had failed to comply with the terms of the separation agreement incorporated into the dissolution judgment between the parties. The court further properly declined to issue an order directing the plaintiff to comply with the terms of the agreement. Finally, the court properly declined to modify the terms of that agreement.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The relevant provision of the agreement provides: "The [plaintiff] shall receive $1,500 per month, pro-rated as necessary, from the date he vacates the property to the date the property is sold from the net profit from the sale of the property at closing after her equal allocation of the balance between the parties as set forth herein at Article 5-C from the [defendant's] share of the net proceeds."