[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 101)
On January 25, 1999, the plaintiff, Emile Moukarzel, filed a four-count complaint against the defendant, Oxygen Electronics, LLC. The plaintiff alleges the following facts. After publishing his resume on the internet, the plaintiff, a U.S. citizen residing in Beirut, Lebanon, was invited by the defendant to visit the United States to discuss an employment position as a sales associate. Subsequent to meeting with the defendant, the plaintiff was offered an employment contract for a one-year term. The plaintiff accepted the one-year contract and relocated his family from Lebanon to the United States. Approximately one and CT Page 11283 one-half months after beginning his employment with the defendant, the plaintiff was terminated.
Counts one through four sound in breach of contract, breach of the covenant of good faith and fair dealing, detrimental reliance and misrepresentation, respectively. The defendant filed a motion to strike counts one through three of the plaintiff's complaint. The plaintiff duly filed a memorandum in opposition thereto.
The defendant moves to strike count one on the ground that a cause of action for breach of contract does not lie where the employer has not undertaken any form of contractual commitment. The defendant argues that it never agreed to any definite term of employment and therefore the plaintiff was hired as an at-will employee. The plaintiff contends that the parties entered into a one-year employment contract. The plaintiff further contends that the defendant breached the one-year employment contract by terminating him without good cause.
In his complaint the plaintiff alleges that the parties entered into a contractual agreement for his service for a definite period and attached to his complaint as exhibits the documents that he claims, when read together, form the agreement. (Complaint, ¶ 9.) When a copy of a contract is attached to the complaint, the court can consider the contract as part of' the complaint for purposes of the motion to strike. Scacco v. UnitedTechnologies, Superior Court, judicial district of Waterbury, Docket No. 124001 (June 5, 1997, Leheny, J.). A contract is to be construed as a whole and all relevant provisions will be considered together. In giving meaning to the terms of a contract, it must be construed to effectuate the intent of the contracting parties. And, the intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms.HLO Land Ownershio Associates Ltd. v. Hartford, 248 Conn. 350,356-57, ___ A.2d ___ (1999)
While it is fundamental that the terms of a written contract which is intended by the parties to set forth their entire CT Page 11284 agreement may not be varied by parol evidence, it is equally fundamental that when the words used in the contract are uncertain or ambiguous, parol evidence of conversations between the parties or other circumstances antedating the contract may be used as an aid in the determination of the intent of the parties which was expressed by the written words. Kronholm v. Kronholm,16 Conn. App. 124, 131, 547 A.2d 61 (1988), aff'd,23 Conn. App. 577, 582 A.2d 1178 (1990). The operative question becomes whether parol evidence is offered to contradict the writing or to aid in its interpretation. Scinto v. Sosin,51 Conn. App. 222, 242, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, ___ A.2d ___ (1999). The determination of whether a contract term is ambiguous — and thus whether parol evidence may be considered — is a threshold question of law for the court. Breen v. Merrill Lynch Co.,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112124 (August 6, 1996, Karazin, J.)
Here, the June 26, 1998 employment contract between the plaintiff and the defendant is ambiguous as to its duration. Nowhere in the employment contract is it explicitly stated that the contract is effective for one year. On the other hand, various components of the contract imply that the length of the employment contract is for one year. First, the contract provides that the plaintiff's salary compensation will be delineated into twelve equal monthly installments. Second, the contract originally provided for a recoverable draw against future commissions of up to $1,250/month for the duration of the training period;[1] however, an addendum changed the period for a recoverable draw against future commissions to a period of one year. Moreover, the language in the addendum consistently refers to a one-year period. For example, the addendum includes phrases such as: "if at any point in the one year period . . ." and "if Mr. Moukarzel's employment is terminated by Oxygen Electronics LLC management during the one year period. . . ." (Plaintiff's Exhibit B.) Further, the addendum includes a provision for commission deductions if "Mr. Moukarzel continues his employment with Oxygen Electronics LLC past July 31, 1998." (Plaintiff's Exhibit B.)
Because the language used in the employment contract is ambiguous as to whether the plaintiff was an employee for a one year term or an employee-at-will, parole evidence should be admitted to aid in the interpretation of the agreement. Accordingly, because the plaintiff alleges that he and the CT Page 11285 defendant agreed to the one year contract, the motion to strike count one must be denied.
Relying on its argument that the plaintiff was an at-will employee, the defendant argues that the covenant of good faith and fair dealing cannot be read into an at-will employment relationship unless the plaintiff alleges a violation of public policy. The plaintiff contends that it is unnecessary for him to allege a public policy violation because he has sufficiently pleaded the existence of an employment contract for a definite term.
Where an employee has a contract with an employer for a definite period of time, Connecticut courts recognize that a cause of action for breach of implied covenant of good faith and fair dealing may be brought by the employee against the employer.Lark v. Post Newsweek Stations Connecticut, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705326 (August 9, 1995, Wagner, J.); see, e.g., Macman v.Anaconda, Industries, Inc., 193 Conn. 558, 572, 479 A.2d 781
(1987) (plaintiff has cause of action for wrongful discharge in violation of implied covenant of good faith and fair dealing). Because the plaintiff has alleged a one-year employment contract, he has properly pleaded a cause of action for breach of the implied covenant of good faith. Therefore, count two must also be denied.
The defendant next moves to strike count three on the ground that detrimental reliance is not recognized as a separate cause of action. In support of its argument, the defendant citesPavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 593 n. 5,711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998), which states that "[p]romissory estoppel . . . is not a separate cause of action available to plaintiffs, but rather serves to allow enforcement of an otherwise validly formed contractual commitment that lacks traditional consideration." The defendant further argues that even if detrimental reliance were a valid separate cause of action, the plaintiff's cause of action would fail because he has not alleged a sufficiently clear and definite promise made by the defendant. The plaintiff contends that Connecticut recognizes a claim for detrimental reliance as a separate cause of action. The plaintiff further contends that he reasonably relied upon the defendant's promises to his detriment.
The Appellate Court's reasoning in Pavliscak comports with CT Page 11286 the reasoning of the Supreme Court in D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 520 A.2d 217
(1987), where the Supreme Court recognized, "the development of liability in contract for action induced by reliance upon a promise, despite the absence of common-law consideration normally required to bind a promisor. . . ." (Internal quotation marks omitted.) Id., 213. This consideration substitute, known as promissory estoppel, has two elements: "the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done." (Internal quotation marks omitted.) W. v. W., 248 Conn. 487, 496, ___ A.2d ___ (1999).
Although generally "a party may plead, in good faith, inconsistent facts and theories . . ." Marrin v. Spearow,35 Conn. App. 398, 402, 646 A.2d 254 (1994); a plaintiff may not plead promissory estoppel where the parties have a valid contract. See Lark v. Post Newsweek Stations Connecticut, Inc., supra, Superior Court, Docket No. 705326 (where a plaintiff has valid action on contract, no cause of action lies against a defendant for promissory estoppel). An action for promissory estoppel generally lies when there is no written contract, or the contract cannot be enforced for one reason or another. Thus, it is an action outside the contract. Clock Tower Mill Developmentv. Cambridge Development Corp. , Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555348 (April 23, 1996, Lavine, J.). Cases before the Supreme Court where plaintiffs have simultaneously pled breach of contract and promissory estoppel have involved some dispute about the existence of the contract. See, e.g., Suffield DevelopmentAssociates Ltd. partnership v. Society for Savinas,243 Conn. 832, 843-46, 708 A.2d 1361 (1998); Finley v. Aetna Life Casualty Co., 202 Conn. 190, 198-99, 520 A.2d 208 (1987).
Here, the dispute between the parties concerns a term in the agreement, i.e., the length of employment, rather than the existence or validity of the contract. Based on the foregoing, because it is undisputed that a valid contract exists, the remedy of promissory estoppel, which is a theory inconsistent with the existence of a contract, is precluded. Accordingly, this court concludes that the defendant's motion to strike count three should be granted. CT Page 11287
In summary then, defendant's motion to strike counts one and two is hereby DENIED; the motion to strike count three is hereby GRANTED.
Melvin, J.