## STEPHANIE H. DICKINSON *v.* STEPHEN J. DICKINSON (AC 35012)

Robinson, Bear and Keller, Js.

Argued April 15—officially released June 4, 2013

*Stephen J. Dickinson*, pro se, the appellant (defendant).

*Jeffrey D. Ginzberg*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant, Stephen J. Dickinson, appeals from the judgment of the trial court granting the motion for contempt filed by the plaintiff, Stephanie H. Dickinson. On appeal, the defendant claims that the court improperly found him in contempt because (1) he, after having filed a pro se appearance, had not been notified of the pending motions for contempt or the ready markings and (2) there was no evidence that he was in contempt of the court's orders. We agree with the second claim and, accordingly, reverse the judgment of the trial court.[1]

The following facts are relevant to our review. The plaintiff and the defendant previously were married and have one child issue of that marriage. The court rendered a judgment of dissolution on September 17, 2004. The parties share joint legal custody of their child, with primary physical custody awarded to the plaintiff.

---

[1] Because we agree with the defendant's second claim, we conclude that it is unnecessary to address his first claim.

On May 2, 2012, the court, *Hon. James G. Kenefick, Jr.*, judge trial referee, over the plaintiff's objection, granted the defendant's request that the child have an additional overnight visit with him on Tuesdays. The court also ordered at that time that the plaintiff was to have final decision-making authority on the child's medical, psychological, education, religious and extra-curricular activities, but only after she made a good faith effort to reach an agreement with the defendant on each disputed issue. Judge Kenefick further ordered that the plaintiff "shall consider [the defendant's] concerns and where possible try not to schedule activities that interfere with [the defendant's] parenting time, particularly on Tuesday and Thursday during the school year."

On July 5, 2012, the plaintiff filed a postjudgment motion for contempt, alleging that the defendant was in violation of the May 2, 2012 orders of the court in that he refused to allow their child to attend a karate tournament on June 30, 2012, refused to allow their child to attend a Memorial Day parade and refused to allow their child to attend boy scout meetings on the second Tuesday of each month.[2] On July 18, 2012, the plaintiff filed another motion for contempt, alleging that the defendant was preventing their child from attending

[2] A copy of a family relations report that was completed on April 5, 2011, for an earlier court proceeding, states that the plaintiff's husband is the co-den leader of the child's cub scout pack and that the pack meets twice per month on Wednesdays. Because no evidence was presented to the trial court, the record contains no explanation of the apparent change in meeting days.

The plaintiff's counsel additionally argued to the trial court that the defendant was interfering with the child's karate class, which he stated also took place on each Tuesday and Thursday. The defendant, however, argued that the karate class was on each Monday and Wednesday and that he did not have the child on those days. The April 5, 2011 family relations report also states that the karate class takes place on each Monday and Wednesday. Again, because there was no evidence presented to the trial court, there is no explanation for the discrepancy.

religion classes on Tuesdays. Both motions were certified to counsel of record, but it does not appear that either motion was certified to the defendant, who had filed a pro se appearance on December 14, 2007, in addition to the appearance of his attorney.

The court, *Gould J.*, held a hearing on the motions for contempt on August 8, 2012.[3] Initially, the defendant was not in the courtroom when the matter was called, and the plaintiff's attorney and Attorney Lynn Ann Pellegrino[4] agreed to continue the matter. Before they exited the courthouse, however, the defendant, but not his attorney, appeared, and the parties returned to the courtroom. When the court recalled the case, the plaintiff's attorney explained that the motions for contempt addressed the defendant's noncompliance with the plaintiff's decisions on religious and extracurricular

[3] It is clear from the transcript of the hearing that the plaintiff's attorney did not seek to have an evidentiary hearing on August 8, 2012, a motion calendar day. He represented to the court that there were "two very short matters. One is a motion for contempt, and the other is a motion for contempt . . . ." Prior to proceeding on August 8, in the absence of the defendant, the court had marked the motions over to September 7, 2012, a nonmotion calendar day, but, when the defendant appeared, with the court's permission, the plaintiff's attorney proceeded on that motion day.

[4] The parties and the court refer to Attorney Pellegrino as the guardian ad litem for the minor child, which is supported by the order of the court, dated November 18, 2010, contained in the Appellate Court file. The Superior Court case detail sheet, however, lists Pellegrino as the attorney for the minor child, and the record prepared for this appeal also lists her as counsel for the minor child and further states that there has been no appointment of a guardian ad litem. Because these roles can be quite distinct, we point out the discrepancy in the case detail sheet. "Typically, the child's attorney is an advocate for the child, while the guardian ad litem is the representative of the child's best interests." (Internal quotation marks omitted.) *Ireland* v. *Ireland*, 246 Conn. 413, 439, 717 A.2d 676 (1998). "As an advocate, the attorney should honor the strongly articulated preference . . . of a child who is old enough to express a reasonable preference; as a guardian, the attorney might decide that, despite such a child's present wishes, the contrary course of action would be in the child's long term best interests, psychologically or financially." *Newman* v. *Newman*, 235 Conn. 82, 96, 663 A.2d 980 (1995).

activities during his parenting time. The court conducted a brief hearing at which it heard argument from the plaintiff's attorney, along with comments from Pellegrino and from the defendant, who was representing himself. No evidence was offered by either attorney or by the defendant in the form of sworn testimony or other evidence. Thereafter, the court granted the plaintiff's July 18, 2012 motion, which alleged that the defendant was in contempt for having prevented their child from attending religion classes on Tuesday nights, thus finding the defendant in contempt of Judge Kenefick's May 2, 2012 orders. The court also ordered the defendant to abide by the plaintiff's decisions and to pay $500 toward her attorney fees. This appeal followed.

The defendant claims in relevant part that the court improperly found him in contempt without any evidence having been presented to support such a finding of fact. We agree.

"A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in [finding] that the actions or inactions of the [party] were in contempt of a court order. To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt. . . . An order of the court must be obeyed until it has been modified or successfully challenged." (Internal quotation marks omitted.) *Parlato* v. *Parlato*, 134 Conn. App. 848, 850, 41 A.3d 327 (2012). "We review the court's factual findings in the context of a motion for contempt to determine whether they are clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of

the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses." (Citations omitted; internal quotation marks omitted.) *Gravius* v. *Klein*, 123 Conn. App. 743, 749, 3 A.3d 950 (2010).

"[A] court may not find a person in contempt without considering the circumstances surrounding the violation to determine whether such violation was wilful. . . . [A] contempt finding is not automatic and depends on the facts and circumstances underlying it. . . . In a civil contempt proceeding, the movant has the burden of establishing, by a preponderance of the evidence, the existence of a court order and noncompliance with that order." (Citations omitted; internal quotation marks omitted.) *Parisi* v. *Parisi*, 140 Conn. App. 81, 85–86, 58 A.3d 327, cert. granted on other grounds, 308 Conn. 916, 64 A.3d 329 (2013); see *Edmond* v. *Foisey*, 111 Conn. App. 760, 768–73, 961 A.2d 441 (2008) (court improperly violated defendant's right to due process when it did not afford full hearing on issues raised in motions for contempt).

In the present case, the court found the defendant in wilful contempt without having been presented with any competent evidence by the plaintiff as to whether he was in noncompliance with Judge Kenefick's May 2, 2012 orders or by the defendant as to whether there was an excusable reason for any such noncompliance. The court heard argument from counsel and some protestation from the defendant, who was representing himself. During the hearing, no evidence was presented to the court. Unsworn representations of counsel are not evidence, and, as we held in *Kelly* v. *Kelly*, 54 Conn. App. 50, 60, 732 A.2d 808 (1999), "[t]he trial court's finding of contempt based on the unsworn representations of counsel was improper." Accordingly, we conclude that the court clearly erred as to each finding it made in the absence of any competent evidence, and

it thus abused its discretion in finding the defendant in contempt. "A judgment of contempt cannot be based on representations of counsel in a motion, but must be supported by evidence produced in court at a proper proceeding. . . . A finding of indirect civil contempt must be established by sufficient proof that is premised on competent evidence presented to the trial court and based on sworn testimony." (Citation omitted; internal quotation marks omitted.) *Lynn* v. *Lynn*, 130 Conn. App. 319, 329, 23 A.3d 771 (2011); see *Bryant* v. *Bryant*, 228 Conn. 630, 637, 637 A.2d 1111 (1994); see also *Kelly* v. *Kelly*, supra, 60.

The judgment is reversed, the August 8, 2012 orders issued by the trial court are vacated, and the case is remanded with direction to hold an evidentiary hearing on the plaintiff's July 18, 2012 motion for contempt.

In this opinion the other judges concurred.