J-A22007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAQUON CRAIG | : | |
| | : | |
| Appellant | : | No. 2816 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007376-2023

BEFORE: LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                **FILED DECEMBER 23, 2025**

Jaquon Craig appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions of one count each of manufacture, delivery or possession with intent to deliver (PWID),[1] intentional possession of a controlled substance by a person not registered,[2] and possession of marijuana.[3] After careful review, we affirm on the basis of the opinion authored by the Honorable Samantha J. Williams.

The facts and procedural history of this case are as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] *Id.* at § 780-113(a)(16).

[3] *Id.* at § 780-113(a)(31).

On June 28, 2023, at approximately 11:00 a[.]m[.], Philadelphia Police Officer Angel Rodriguez ([]Officer Rodriguez[]) initiated a pedestrian stop near 1538 Pratt Street in Philadelphia, Pennsylvania. [*See* N.T. Waiver Trial,] 3/6/2024, at 10-11. Officer Rodriguez explained that, that morning, he checked the database as he does every day for warrants and noticed an active arrest warrant for [Craig], whom he had known for years. *Id.* at 11. While on patrol, Officer Rodriguez observed [Craig], ran [Craig]'s name on the MDT in his patrol vehicle, and confirmed the active warrant at that time. *Id.* Officer Rodriguez then detained [Craig] and contacted the warrant unit to confirm the warrant remained active. *Id.* The warrant unit agreed that the warrant was active, and [Craig] was placed under arrest. *Id.* at 12. [Craig] was searched incident to the arrest and recovered from his jacket were 35 small containers with flip caps containing crack cocaine, one medium-size clear plastic bag containing marijuana, and [thirteen] 15-milligram [o]xycodone pills. *Id.*

On March 6, 2024, the date set for trial in this matter, [Craig filed] a [p]re-[t]rial [m]otion to [s]uppress [the evidence recovered during his arrest]. [At a hearing on the motion,] the trial court heard the testimony of Alessandro Nardi, [Esquire,] an attorney with the Defender Association of Philadelphia ([]Attorney Nardi[]). *Id.* at 20-21. Attorney Nardi testified that he was the [a]ttorney assigned to [Craig]'s case (MC-51-CR-0009100-2023) ([]Case 9100[]) on June 23, 2023. *Id.* at 22. Attorney Nardi also testified that [Craig] arrived late to court for Case 9100, and a bench warrant was issued but later lifted. *Id.* at 32-33. Attorney Nardi further testified that the [j]udge presiding over Case 9100 ordered her court staff to bring in another docket on which [] Craig [was] bench warranted (MC-51-CR-0004927-2023) ([]Case 4927[]) on June 21, 2023[,] and lifted the bench warrant. *Id.* at 22-23. The docket for Case 4927 reflects two separate [b]ench [w]arrant [h]earing listings — one on June 23, 2023[,] and one on June 30, 2023. [*See*] Municipal Court Docket CP-51-CR-0004927-2023. The June 23, 2023 docket entry states that there was an "add[-]on approved. . . (BW hearing)." *Id.* No orders were entered on June 23, 2023[,] on Case 4927. *Id.* On June 23, 2023, a [p]reliminary [h]earing was scheduled for July 7, 2023. *Id.* The June 30, 2023 docket entry for Case 4927 states that the [b]ench [w]arrant was lifted, and an order was entered reflecting same. *Id.*

Trial Court Opinion, 1/21/25, at 2-3.

The trial court denied Craig's motion to suppress, and the case proceeded to a waiver trial. Craig was found guilty on all of the above-mentioned charges. Sentencing was deferred for the preparation of a presentence investigation report and a mental health evaluation. *Id.* at 1. On June 13, 2024, Craig was sentenced to three years of reporting probation. Craig filed a motion for reconsideration of sentence on June 22, 2024, which was denied by operation of law on October 22, 2024.

Craig filed a timely notice of appeal. Both Craig and the trial court complied with Pa.R.A.P. 1925. Craig raises the following issue on appeal: "Where the only jurisdiction for the search of [] Craig was a search incident to arrest based on an invalid bench warrant, did the [trial] court improperly deny suppression of the narcotics found on [] Craig's person?" Appellant's Brief, at 1.

In his sole issue on appeal, Craig argues that the trial court erred by denying his motion to suppress the evidence because his arrest, and subsequent search, were based solely on an invalid bench warrant. *See id.* at 7. Specifically, Craig contends that the judge "orally ordered, in open court," that the warrant was lifted on June 23, 2023, five days before Craig's arrest, and that the clerk failed to promptly enter the order lifting the bench warrant on the docket. *Id.* at 6,7. Thus, Craig posits that the bench warrant was invalid at the time of his arrest. Therefore, Craig contends that, even if Officer Rodriguez operated in good faith in believing that the warrant was valid

at the time of the stop and arrest, any evidence gathered due to an arrest on an invalid warrant must be suppressed. *Id.* at 12, citing ***Commonwealth v. Edmunds***, 586 A.2d 887 (Pa. 1991). Finally, Craig posits that, without any justification for his arrest, the search of his person was unlawful, and the trial court must be reversed to suppress the evidence. *See* Appellant's Brief, at 16.

Our standard and scope of review of the denial of a motion to suppress evidence is well-established:

> Appellate review of a suppression decision is limited to the suppression record, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defense. This Court is bound by the facts as found by the suppression court so long as they are supported by the record, but our review of its legal conclusions is *de novo*.

***Commonwealth v. Valdivia***, 195 A.3d 855, 861 (Pa. 2018) (citations omitted). With respect to a suppression court's factual findings, "it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented." ***Commonwealth v. Caple***, 121 A.3d 511, 516-17 (Pa. Super. 2015) (citation omitted).

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution guarantee the right of the people to be secure in their persons, houses, papers, and possessions from unreasonable searches and seizures. ***Commonwealth v. Morrison***, 166 A.3d 357, 363-64 (Pa. Super. 2017). An officer may conduct a full custodial

search of a suspect when the suspect is lawfully arrested. *Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. 1999), citing *Commonwealth v. Long*, 414 A.2d 113, 115 (Pa. 1980). However, "[w]hen an officer makes an unlawful arrest, any evidence seized during a search incident to the arrest must be suppressed." *Id.*, citing *Commonwealth v. Lovette*, 450 A.2d 975, 981 (Pa. 1981).

To be valid, an arrest must be supported by probable cause. *In re R.P.*, 918 A.2d 115 (Pa. Super. 2007). Probable cause to arrest exists when "the facts and circumstances **within the police officer's knowledge and of which the officer has reasonably trustworthy information** are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Gwynn*, 723 A.2d 143, 148 (Pa. 1998) (emphasis added).

In *Edmunds*, our Supreme Court declined to adopt the good-faith exception to the exclusionary rule promulgated by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984). The Court stated:

> [G]iven the strong right of privacy which inheres in Article 1, Section 8, as well as the clear prohibition against the issuance of warrants without probable cause, or based upon defective warrants, the good faith exception to the exclusionary rule would directly clash with those rights of citizens as developed in our Commonwealth over the past 200 years.

*Edmunds*, 586 A.2d at 901. Specifically, the Court held that, even when police exercised "good faith" in exercising a warrant, evidence seized by a defective search warrant must be suppressed. *Id.* at 905. The Court further

explained that "[t]o adopt a 'good faith' exception to the exclusionary rule, we believe, would virtually emasculate those clear safeguards which have been carefully developed under the Pennsylvania Constitution over the past 200 years." *Id.* at 899. In *Commonwealth v. Johnson*, 86 A.3d 182 (Pa. 2014), our Supreme Court reaffirmed *Edmunds* as controlling precedent and held that evidence was properly suppressed when police arrested the defendant based upon an arrest warrant that was "no longer valid and should have been recalled[.]" *Id.* at 184.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of Judge Williams, we conclude Craig's issue merits no relief. In denying Craig relief, the trial court concluded that Craig was arrested on an active and valid arrest warrant. *See* Trial Court Opinion, 1/21/25, at 7. Though contrary to Attorney Nardi's testimony, the docket for Case 4927 "clearly provides that an order lifting [Craig]'s bench warrant was not entered until after the bench warrant hearing on June 30, 2023. Thus, the bench warrant associated with Case 4927 was active and valid on June 28, 2023[,] when Craig was arrested."[4] *Id.* *See Caple*, *supra*. The trial court distinguished *Johnson* and *Edmunds* from the current matter, specifically noting that, in *Johnson*, the search was based on a previously executed warrant that was not properly lifted, and that, in *Edmunds*, the

_____

[4] Despite Attorney Nardi's testimony, the trial court's determination that the bench warrant associated with Case 4927 was not lifted until June 30, 2023 is supported by the evidence in the certified record. *See Valdivia*, *supra*.

warrant was facially inadequate. *Johnson*, 68 A.2d 182 at 184; *Edmunds*, 586 A.2d 887 at 890-91. *See* Trial Court Opinion, 1/21/25, at 7.

Moreover, the trial court concluded that the totality of the circumstances—that Officer Rodriguez had known Craig for years, searched the National Crime Information Center (NCIC), searched the Philadelphia Crime Information Center, and confirmed the warrant's active status with the warrant unit—created the probable cause required to custodially detain and arrest Craig. *Id.* at 5. In support of its decision, the trial court cited to *Commonwealth v. McRae*, 5 A.3d 425 (Pa. Super. 2010), which held that an NCIC bulletin on an outstanding arrest warrant may provide probable cause to arrest even if police did not first verify the validity of the underlying warrant. *Id.* at 430. *See* Trial Court Opinion, 1/21/25, at 5-6. Thus, based on the relevant case law, parties' briefs, and record on appeal, we conclude that the trial court did not err when it denied Craig's motion to suppress. Accordingly, we affirm on the basis of Judge Williams' opinion and direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025



FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS
JUDICIAL CHAMBERS

SAMANTHA WILLIAMS
JUDGE

THE JUSTICE JUANITA KIDD STOUT CENTER
FOR CRIMINAL JUSTICE
1301 FILBERT STREET, SUITE 1410
PHILADELPHIA, PA 19107
(215) 683-7127
FAX: (215) 683-7129

January 21, 2024

AARON MARCUS, ESQUIRE
1441 SANSOM STREET
PHILADELPHIA, PA 19102

RE: **Commonwealth v. JAQUON CRAIG**
**CP-51-CR-0007376-2023**
**2816 EDA 2024**

Dear Attorney Marcus,

Enclosed is a copy of the Opinion for the above-captioned matter. A copy of this letter and corresponding Opinion has been made a permanent part of the record. Thank you for your prompt attention to this matter.

Very truly yours,

Hon. Samantha J. Williams

SJW/rd

Encl.

cc: Lawrence Goode, Esq. – Appeals Unit, Office of the District Attorney of Philadelphia

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA-PHILADELPHIA
## TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    :
    :     CP-51-CR-0007376-2023
v.    :
    :
JAQUON CRAIG    :     2816 EDA 2024
    :

## OPINION

Williams, S.J., J.

## I. PROCEDURAL HISTORY

Jaquon Craig (hereinafter "Appellant") was arrested on June 28, 2023 and charged with

Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (F), Intentional

Possession of a Controlled Substance By a Person Not Registered (M), and Possession of

Marijuana (S).[1] Argument for a pre-trial motion to suppress filed by Appellant was heard and

denied by this Court on March 6, 2024. A waiver trial proceeded before this Court on March 6,

2024 and Defendant was found guilty of all charges. Sentencing was continued for a Presentence

Investigation (PSI) report and Mental Health Evaluation (MHE) report. On June 13, 2024,

Appellant was sentenced to 3 years of reporting probation. Appellant filed a Motion for

Reconsideration of Sentence on June 22, 2024 which denied by operation of law on October 22,

2024. A timely appeal followed.

Instantly, Appellant claims the Court erred as follows:

---

[1]    35 Pa. C.S. § 780-113 §§ A30, 35 Pa. C.S. § 780-113 §§ A16, 35 Pa. C.S. § 780-113 §§ A31 (respectively).

1

1. This Court erred in denying Mr. Craig's motion to suppress physical evidence where the only justification for the search of his person was a search incident to arrest on a bench warrant that had been ordered lifted by a competent judicial authority several days before Mr. Craig was arrested. The fact that police acted on a good faith belief that the warrant was valid cannot justify the denial of the suppression motion. *See, e.g., Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991).

Statement of Matters Complained of on Appeal Pursuant to R.A.P. 1925(b) (hereinafter "1925(b) Statement").

Appellant's arguments require no remedy.

## II. <u>FACTUAL HISTORY</u>

On June 28, 2023, at approximately 11:00 am, Philadelphia Police Officer Angel Rodriguez (hereinafter "Officer Rodriguez") initiated a pedestrian stop near 1538 Pratt Street in Philadelphia, Pennsylvania. Notes of Testimony (hereinafter "N.T."), 3/6/2024, at 10-11. Officer Rodriguez explained that, that morning, he checked the database as he does every day for warrants and noticed an active arrest warrant for Appellant, whom he had known for years. *Id.* at 11. While on patrol, Officer Rodriguez observed the Appellant, ran Appellant's name on the MDT in his patrol vehicle, and confirmed the active warrant at that time. *Id.* Officer Rodriguez then detained Appellant and contacted the warrant unit to confirm the warrant remained active. *Id.* The warrant unit agreed that the warrant was active, and Appellant was placed under arrest. *Id.* at 12. Defendant was searched incident to the arrest and recovered from his jacket were 35 small containers with flip caps containing crack cocaine, one medium-size clear plastic bag containing marijuana, and 13 15-milligram Oxycodone pills. *Id.*

On March 6, 2024, the date set for trial in this matter, Appellant brought a Pre-Trial Motion to Suppress Evidence. At the motions hearing, this Court heard the testimony of Alessandro Nardi, an attorney with the Defender Association of Philadelphia (hereinafter "Attorney Nardi"). *Id.* at 20-21. Attorney Nardi testified that he was the Attorney assigned to Appellant's case (MC-51-CR-0009100-2023) (hereinafter "Case 9100") on June 23, 2023. *Id.* at 22. Attorney Nardi also testified that Appellant arrived late to court for Case 9100, and a bench warrant was issued but later lifted. *Id.* at 32-33. Attorney Nardi further testified that the Judge presiding over Case 9100 ordered her court staff to bring in another docket on which Mr. Craig bench warranted (MC-51-CR-0004927-2023) (hereinafter "Case 4927") on June 21, 2023 and lifted the bench warrant. *Id.* at 22-23. The docket for Case 4927 reflects two separate Bench Warrant Hearing listings – one on June 23, 2023 and one on June 30, 2023. Municipal Court Docket CP-51-CR-0004927-2023. The June 23, 2023 docket entry states that there was an "add-on approved . . . (BW hearing)." *Id.* No orders were entered on June 23, 2023 on Case 4927. *Id.* On June 23, 2023, a Preliminary Hearing was scheduled for July 7, 2023. *Id.* The June 30, 2023 docket entry for Case 4927 states that the Bench Warrant was lifted, and an order was entered reflecting same. *Id.*

## III. **DISCUSSION**

Appellant alleges the Court erred by denying their Pre-Trial Motion to Suppress Physical Evidence. This allegation is false and requires no remedy.

### A.    **Appellant was arrested on an active arrest warrant.**

Appellant argues that the evidence seized following his arrest was subject to suppression because the Philadelphia police arrested him "in good faith" on an inactive Bench Warrant,

thereby rejecting this Court's conclusion that the Bench Warrant remained active until June 30, 2023. Appellant's argument stems from the "good faith exception" articulated in the United States Supreme Court decision in *United States v. Leon*, 468 U.S. 897 (1984) and rejected by the Supreme Court of Pennsylvania in *Commonwealth v. Edmunds*, 526 A.2d 887 (Pa. 1991). In *Edmunds*, the Supreme Court of Pennsylvania discussed the intricate connection between the right of privacy in Pennsylvania and Article 1, Section 8 of the Pennsylvania Constitution. *Edmunds*, 526 A.2d 887 at 898. Article 1, Section 8 of the Pennsylvania Constitution provides:

> **Section 8.** The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.
>
> PA. Const. Art I, § 8.

The *Edmunds* Court also discusses the strength of the right of privacy to which citizens in this Commonwealth are entitled, stating that a "'good faith' exception to the exclusionary rule . . . would virtually emasculate those clear safeguards which have been carefully developed under the Pennsylvania Constitution over the past 200 years." *Edmunds*, 526 A.2d 887 at 899; see also *Commonwealth v. DeJohn*, 403 A.2d 1283 (Pa. 1979). Because Article I, Section 8 of the Pennsylvania Constitution protects citizens from unreasonable searches and seizure, it is essential to establish the nature of the interaction between Appellee and Officer Rodriguez to properly analyze Appellant's claim.

It is well-settled in Pennsylvania that there are three categories of police-citizen interaction: (1) a mere encounter, (2) an investigatory detention, and (3) a custodial detention. *Commonwealth v. Boswell*, 721 A.2d 336 (Pa. 1998). A mere encounter carries with it no official

4

compulsion on the part of the citizen to stop or to respond and does not need to be supported by any level of suspicion. *Commonwealth v. Beasley*, 761 A.2d 621 (Pa. Super. 2000). An investigatory detention permits the temporary detention of an individual if supported by reasonable and articulable suspicion. *Commonwealth v. Strickler*, 757 A.2d 884 (Pa. 2000). An arrest or custodial detention must be supported by probable cause. *Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009). Probable cause is present:

> when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Williams*, 2 A.2d 611 (Pa. Super. 2010).

Officer Rodriguez placed Appellant under arrest after he saw the Appellant and ran the Appellant's name through the portal in his police vehicle to check for warrants in the National Crime Information Center (hereinafter "NCIC") and the Philadelphia Crime Information Center (hereinafter "PCIC") databases. N.T. at 13. Once he detained Appellant, Officer Rodriguez contacted the Philadelphia Police Department warrant unit to confirm that the warrant remained active. N.T. at 15. The totality of the circumstances – that Officer Rodriguez had known the Appellant for years, searched NCIC, searched PCIC, and confirmed the warrant's active status with the warrant unit – create the probable cause required to custodially detain and arrest Appellant.

5

At the motions hearing, Appellant contended that "the facts support that the warrant was lifted . . . and the caselaw supports that there is no good-faith exception, even if it shows to police that there is an active warrant in the system." N.T. at 46. This contention is misguided. The Pennsylvania Superior Court has been presented with issues like this before – recently in *Commonwealth v. McRae,* 5 A.3d 425 (Pa. Super. 2010); see also: *Commonwealth v. Feflie,* 581 A.2d 636 (Pa. Super. 1990) (holding that printouts from the National Crime Information Center were of sufficient reliability to establish probable cause for arrest without additional warrant). In *McRae,* police officers arrived at a home in Bucks County to serve an arrest warrant on Elaine Carmen, an occupant of the residence. *McRae,* 5 A.3d 425 at 427. After entering the residence and serving the arrest warrant, an Officer noticed Mr. McRae, who he knew from a prior incident. *Id.* The Officer had personal information that there was an outstanding warrant for McRae's arrest, so he handcuffed him and took him into custody. *Id.* The Officer patted Mr. McRae down incident to the arrest and recovered cocaine and U.S. currency. *Id.* McRae filed a motion to suppress the search on the basis that the officer lacked personal knowledge of the arrest warrant, which was denied. *Id.* at 430. On appeal the Superior Court disagreed, echoing *Feflie* and holding that an NCIC bulletin of the outstanding arrest warrant provided sufficient probable cause to arrest *even if* police did not first verify the validity of the underlying warrant. *Id.* (emphasis added).

The matter at bar is similar to *McRae* in that both Appellants challenge their seizure and subsequent search on the basis that the arresting officer did not truly know the whether the underlying warrant was valid. Here, Appellant contends that the bench warrant on Case 4927 from June 21, 2023 was lifted, offering the testimony of Attorney Nardi to rebut the Commonwealth's argument that the warrant was *not* lifted until June 30, 2023. At the motions

6

hearing, counsel for Appellant offered *Commonwealth v. Johnson*, 86 A.3d 182 (Pa. 2014) to bolster this contention. *Johnson* is similar, but distinguishable, from the matter at bar. In *Johnson*, a state trooper conducted a traffic stop, effected an arrest, and recovered illegal narcotics based on a previously-executed, and thus invalid warrant. *Johnson*, 68 A.3d 182 at 184. Notably, the warrant in *Johnson* was not properly lifted because of a lapse in the executive branch – namely by the individual responsible for purging executed warrants. *Id.* at 190. The *Johnson* court, under the dictates of *Edmunds*, rejected a good-faith exception to the exclusionary rule under Article I, Section 8 of the Pennsylvania Constitution and suppressed the narcotics as fruits an illegal search. *Id.*

Here, the arrest warrant had not been executed like the warrant in *Johnson*, nor was the warrant facially inadequate like the search warrant in *Edmunds*. *Johnson*, 68 A.2d 182 at 184; *Edmunds*, 586 A.2d 887 at 890-91. At the motions hearing, counsel for Appellant stipulated to the NCIC report upon which Officer Rodriguez relied in making the arrest, and the case docket for Case 4927, both of which reflect the bench warrant being in active status on the date of Appellant's arrest. N.T. at 13, 17 (respectively). Though contrary to Attorney Nardi's testimony, the docket for Case 4927 clearly provides that an order lifting Appellant's bench warrant was not entered until after the bench warrant hearing on June 30, 2023. Thus, the bench warrant associated with Case 4927 was active and valid on June 28, 2023 when Appellant was arrested. These facts, combined with the testimony of Officer Rodriguez, demonstrate that Appellant's seizure and subsequent search adhere to the confines of the law of this Commonwealth.

IV.**CONCLUSION**

In summary, this Court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error to justify Appellant's request for relief. For the reasons set forth herein, the judgment of the Trial Court should be affirmed.

BY THE COURT:

_____

Hon. Samantha J. Williams
January 21, 2025

# CERTIFICATE OF SERVICE

**Defense Attorney:**                                          Aaron Marcus, Esq.
1441 Sansom Street
Philadelphia, PA 19102


Type of Service:                                              (X) First Class Mail
                                                             ( ) Certified Mail
                                                             ( ) Personal Service


**District Attorney:**                                        Lawrence J. Goode, Esq.
City of Philadelphia Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107


Type of Service:                                             (X) Inter-Departmental Mail
                                                            ( ) Certified Mail
                                                            ( ) Personal Service


Date: January 21, 2025

Ryan I. Dumbroff, Esq.
Law Clerk, First Judicial District